UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/8/21
```

United States of America,

—v—

Gary Thomas,

Defendant.

13-cr-360 (AJN)

MEMORANDUM OPINION &
ORDER

ALISON J. NATHAN, District Judge:

Defendant Gary Thomas filed a motion seeking compassionate release to home

confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is

DENIED.

## I.      Background

The Government charged Mr. Thomas and two codefendants with one count of

conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A).  Superseding Indictment, Dkt. No. 181.  After a nine-day trial, the jury convicted

all three defendants on Count One.  Trial Tr. 2076–78. Mr. Thomas moved to challenge the

sufficiency of the Government's evidence, which the Court denied.  *United States v. Parrilla*,

No. 13-CR-360 AJN, 2014 WL 7496319 (S.D.N.Y. Dec. 23, 2014).

The Court imposed a below-guidelines sentence of 216 months' imprisonment followed

by 5 years' supervised released.  Judgment, Dkt. No. 285; *see also* Sentencing Tr. 32, Gov't Br.,

Ex. A, Dkt. No. 375.  The Second Circuit upheld Mr. Thomas's conviction and sentence on

appeal.  *United States v. Tang Yuk*, 885 F.3d 57 (2d Cir. 2018).  And this Court recently denied

Mr. Thomas's motion to vacate his sentence under 28 U.S.C. § 2255.  Opinion & Order, Dkt.

No. 402.

Mr. Thomas is incarcerated at FTC Oklahoma City with a projected release date of January 21, 2030. He made an administrative request for compassionate release to the warden, which was denied. Thomas Br., Ex. 1, Dkt. No. 372. Acting pro se, Mr. Thomas filed the present motion for compassionate release, which the Government opposes. Mr. Thomas filed a reply on November 4, 2020. Reply Br., Dkt. No. 384.

## II.    Discussion

Subsection 3582(c) of title 18 provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the First Step Act of 2018, 132 Stat. 5194, 5239, defendants may seek a sentence reduction in court after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

This Court has found that the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals. *See, e.g.*, *United States v. Gross*, 452 F. Supp. 3d 26, 30 (S.D.N.Y. 2020). The Government does not dispute that Mr. Thomas's diagnosed type 2 diabetes, in the context of the COVID-19 pandemic, satisfies the threshold extraordinary-and-

compelling inquiry.  Gov't Br. at 5; *see also United States v. Fernandez*, No. 12-CR-844-9 (AJN), 2020 WL 7647459, at *3 (S.D.N.Y. Oct. 14, 2020) (observing that type 2 diabetes puts a defendant "at heightened risk for severe illness from COVID-19").

But presenting an extraordinary and compelling reason for release is only the first requirement for a sentence reduction.  *United States v. Acosta*, No. 17-CR-712 (AJN), 2021 WL 2895840, at *2 (S.D.N.Y. July 9, 2021).  Because this Court sentenced Mr. Thomas, it is intimately familiar with how the § 3553(a) factors apply to his case.  The Court concludes that a sentence reduction would be inconsistent with the factors in § 3553(a).

First, the Court considers the nature of Mr. Thomas's offense and the "history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  As the Court stated at sentencing, "Mr. Thomas was convicted of a very serious offense."  Sentencing Tr. 30.  He played a lead role in a conspiracy to ship "80 kilograms of cocaine worth millions of dollars" into the United States, and supervised the operation and recruited others.  *Id.* at 30 – 31.  And he did so out of "greed," even as he owned a legitimate and successful business.  *Id.* at 31.  These facts weigh heavily against granting relief.  *See United States v. Fernandez*, No. 12-CR-844-9 (AJN), 2020 WL 3034799, at *3 (S.D.N.Y. June 5, 2020) (emphasizing that "Defendant played a significant role in trafficking a very large amount of cocaine in a relatively short period of time").  Since he has been incarcerated, Mr. Thomas has incurred two disciplinary infractions, including for possession of a contraband cellphone, which raises doubts about Mr. Thomas's rehabilitation.  Gov't Br., Ex. C; *see Fernandez*, 2020 WL 3034799, at *2.  Relevant, too, is that Mr. Thomas has never formally accepted responsibility for his crimes and continues to this day to dispute his guilt.  *See Musa v. United States*, 502 F. Supp. 3d 803, 813 (S.D.N.Y. 2020) (finding that

defendant's "selective acceptance of responsibility is surely relevant to the Court's exercise of discretion under the First Step Act").

Second, the Court must consider whether releasing the Defendant would "reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). Mr. Thomas has served approximately 84 months of his 216-month sentence, which, even assuming he collects good-time credits, means Mr. Thomas has served well under half his custodial sentence. Granting him release now, even to serve home confinement, therefore "would undermine the goals of sentencing." *United States v. Gotti*, No. 02 CR 743-07 (CM), 2020 WL 7706828, at *4 (S.D.N.Y. Dec. 29, 2020); *see also Acosta*, 2021 WL 2895840, at *2.

Third, the Court considers "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Neither of Mr. Thomas's codefendants have yet been released, meaning that an early release would create an arbitrary disparity. *Cf. United States v. Tucker*, No. 13-CR-378 (AJN), 2021 WL 3722750, at *4 (S.D.N.Y. Aug. 23, 2021) (emphasizing, by contrast, that two codefendants charged with the same offense had already been released). That is especially so because the Court found that Mr. Thomas's level of culpability was "high," and exceeded that of one codefendant, who received a shorter sentence. Sentencing Tr. 31, Dkt. No. 286.

Finally, while the Government concedes that Mr. Thomas's vulnerability to COVID-19 is an extraordinary and compelling reason for release, the Court takes into account that Mr. Thomas's type 2 diabetes is well-managed with medication and that he is not insulin dependent.

Gov't Br., Ex. B at 30, 213; *see Fernandez*, 2020 WL 3034799, at *2.[1]  Additionally, FTC

Oklahoma City, where Mr. Thomas is currently housed, reports no positive COVID-19 cases

among incarcerated persons and only five staff members that tested positive.  *See COVID-19

Cases*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (accessed Sept. 1, 2021).[2]

Moreover, safe and effective vaccines are now readily available to individuals in BOP custody.

*See United States v. Mena*, No. 16 CR. 850 (ER), 2021 WL 2562442, at *3 (S.D.N.Y. June 23,

2021); *United States v. Kosic*, No. 18 CR. 30(PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar.

17, 2021); *see also United States v. Daniels*, No. 12-CR-221 (JNE/TNL), 2021 WL 3164058, at

*1 (D. Minn. July 27, 2021) (finding the vaccine widely available at FTC Oklahoma City).

Mr. Thomas argues that the § 3553(a) factors are not relevant to his motion because he

requests to serve the remainder of his initial custodial on home confinement rather than to

receive a reduced sentence of time served.  Thomas Br. at 39–41 & n.68 (citing 18 U.S.C.

§ 3624); Reply Br. at 10–11.  But the statutory authorities and the high-profile examples that Mr.

Thomas cites for this proposition concern administrative decisions made by the Bureau of

---

[1] Mr. Thomas also contends that he has hypertension, hyperlipidemia, sleep apnea, and obesity, citing in support a letter from a doctor in the Virgin Islands. Thomas Br. at 27, Ex. 3 at 1. Because Mr. Thomas has been incarcerated since 2014, and treated by the BOP during that time, the Court refers to the BOP's more recent medical record. Mr. Thomas's record reflects that his hypertension has been "resolved," Gov't Br., Ex. A at 23, 30; that he takes medication for hyperlipidemia, *id.* at 5, 31; and that his body-mass index is below the threshold for obesity, *id.* at 23. The record does not list sleep apnea.

[2] When Mr. Thomas initially filed his motion, he was incarcerated at Beaumont Low FCI. At that time, the facility housed a significant number of incarcerated individuals and staff that tested positive for COVID-19. Thomas Br. at 4. As of September 1, 2021, however, no incarcerated individuals and only five staff members tested positive for COVID-19 at Beaumont Low FCI. *COVID-19 Cases*, *supra*.

Prisons. This Court's discretion to reduce Mr. Thomas's sentence comes from 18 U.S.C.

§ 3582(c)(1)(A), which "expressly requires a district court reviewing a compassionate-release

motion to consider the § 3553(a) factors." *United States v. Roney*, 833 F. App'x 850, 853 (2d

Cir. 2020).

**III.    Conclusion**

For the reasons articulated above, Mr. Thomas's motion for compassionate release is

DENIED. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order

to Mr. Thomas and note the mailing on the public docket.


        SO ORDERED.


Dated: September 8, 2021
       New York, New York                    _____
                                                       ALISON J. NATHAN
                                                    United States District Judge