UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/2023

United States of America,

–v–

Gary Thomas,

Defendant.

13-cr-360 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

    Defendant Gary Thomas filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the Court denies Mr. Thomas's motion.

    Mr. Thomas is currently serving a below-guidelines sentence of 216 months' imprisonment followed by 5 years' supervised release after being convicted of participating in a conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Amended Judgment, Dkt. No. 289; *see also* Sentencing Tr. 13, 32–34, Dkt No. 300. His sentence and conviction were affirmed by the Second Circuit. *United States v. Tang Yuk*, 885 F.3d 57 (2d Cir. 2018). And his 28 U.S.C. § 2255 habeas petition was denied by this Court. *Parrilla v. United States*, No. 13-CR-360 (AJN), 2021 WL 4066021 (S.D.N.Y. Sept. 7, 2021). Shortly after, on September 8, 2021, this Court also denied Mr. Thomas's first *pro se* motion for compassionate release, concluding "that a sentence reduction would be inconsistent with the factors in § 3553(a)." *United States v. Thomas*, No. 13-CR-360 (AJN), 2021 WL 4095257, at *2 (S.D.N.Y. Sept. 8, 2021).

Mr. Thomas is incarcerated at FCI Butner Low with a projected release date of January 21, 2029. Gov't Opp'n 3, Dkt. No. 423. On August 29, 2022, Mr. Thomas made an administrative request for compassionate release, which the warden denied. Thomas Br., Ex. C, Dkt. No. 421. Moving *pro se*, Mr. Thomas filed the present compassionate release motion, which was docketed in this Court on June 23, 2023. His motion argues that compassionate release is warranted because, among other reasons, (1) COVID-19 poses a serious risk to his health, (2) his sisters, one of whom has Lupus, need his assistance, and (3) the § 3353(a) factors weigh in favor of his release. Thomas Br. The Government filed an opposition on July 14, 2023. Gov't Opp'n. Mr. Thomas filed a reply, which was docketed on August 10, 2023. Thomas Reply, Dkt. No. 425.

The Court denies Mr. Thomas's present motion substantially for the reasons stated in its opinion denying Mr. Thomas's first motion for compassionate release. *See Thomas*, 2021 WL 4095257. "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (cleaned up). The compassionate release provision of the First Step Act creates one such exception, allowing a district court to reduce a term of imprisonment on a motion by a defendant if the court determines that (1) the defendant has exhausted their administrative remedies; (2) extraordinary and compelling reasons warrant such a reduction; and (3) such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the U.S. Sentencing Commission. *See United States v. Scparta*, 567 F. Supp. 3d 416, 420–21 (S.D.N.Y. 2020). The Government contends that Mr. Thomas "has not demonstrated that there are extraordinary and compelling reasons for his

early release," and "the Section 3553(a) factors weigh against a reduction in Mr. Thomas's sentence." Gov't Opp'n 6. The Court agrees that the § 3553(a) factors continue to weigh against compassionate release.

In light of the Court's previous determination that Mr. Thomas presented an extraordinary and compelling reason for early release, the Court assumes *arguendo* for purposes of the present motion that he has again satisfied this requirement. *See Thomas*, 2021 WL 4095257, at *1 ("Mr. Thomas's diagnosed type 2 diabetes, in the context of the COVID-19 pandemic, satisfies the threshold extraordinary-and-compelling inquiry." (citations omitted)).

Even assuming Mr. Thomas has demonstrated the existence of an extraordinary and compelling circumstance, however, the sentencing factors in 18 U.S.C. § 3553(a) counsel against compassionate release. The Court's evaluation of the § 3553(a) factors remains similar to the evaluation in its prior opinion denying Mr. Thomas's first motion for compassionate release. *See Thomas*, 2021 WL 4095257.

In the present motion, Mr. Thomas highlights his rehabilitation, his acceptance of responsibility for his crimes, and his desire to return to St. Croix to serve his community as factors that warrant his early release. *See* Thomas Br. 21–29. Mr. Thomas's efforts at rehabilitation are commendable as a general matter. While incarcerated, he has maintained employment and taken the initiative to complete numerous vocational training and adult educational classes. *See id.* at 22–24, 28. The Court also commends Mr. Thomas's desire to return home to St. Croix to assist his family and his community. *See id.* at 28–29. Moreover, the Court notes that Mr. Thomas now appears to take some responsibility for his crimes of conviction. *See id.* at 29. But these are only a few of the many factors under § 3553(a) that the

Court must consider. As this Court explained during sentencing, "Mr. Thomas was convicted of a very serious offense." *See Thomas*, 2021 WL 4095257 at *2 (quoting Sentencing Tr. 30). He played a lead role, supervising and recruiting others, in a conspiracy to traffic 80 kilograms of cocaine worth millions of dollars into the United States. *See id.* (quoting Sentencing Tr. 30–31). A reduction in Mr. Thomas's below-guidelines sentence would not adequately reflect the seriousness of the offense, protect the public, or afford adequate deterrence. On balance, the Court finds that the § 3553(a) factors counsel against granting Mr. Thomas's motion.

For the foregoing reasons, the Court DENIES Mr. Thomas's motion for compassionate release. The Clerk of Court is respectfully directed to terminate Dkt. No. 421, to mail a copy of this Order to Mr. Thomas, and to note the mailing on the public docket.

SO ORDERED.

Dated: August 31, 2023
New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation