UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

GARY THOMAS,

Defendant.

---

13-CR-360 (RMB)

ORDER

## I. Background

On July 17, 2014, Gary Thomas ("Thomas") was found guilty of conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), following a jury trial before the Honorable Alison J. Nathan. (*See* Trial Tr., dated July 17, 2014, at 2077:14-15 (ECF No. 234).) Thomas' Sentencing Guidelines Range was 235 to 293 months' incarceration, based upon an Offense Level of 38 and a Criminal History Category of I. (*See* Sent. Tr., dated Jan. 7, 2015, at 13:7-13 (ECF No. 300).) On January 7, 2015, Judge Nathan sentenced Thomas to 216 months of incarceration followed by five years of supervised release.[1] (*See* Amended Judgment, dated Jan. 9, 2015, at 1 (ECF No. 289).)

On May 3, 2024, Thomas moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (*See* Def.'s Mot., dated May 3, 2024, at 1 (ECF No. 430).) Thomas contends that he is eligible for a sentence reduction under Amendment 821 because "he has zero Criminal History Points" and "his instant offense did not involve specified aggravating factors." (*Id.* at 4–5.)

---

[1] This case was re-assigned from Judge Nathan to the Honorable Richard M. Berman on May 3, 2024. (*See* Notice of Case Reassignment, dated May 3, 2024 (ECF No. 431).)

1

The Government and the U.S. Probation Office each **oppose** Mr. Thomas' motion for a sentence reduction. (*See* Gov't Letter, dated June 18, 2024, at 1 (ECF No. 434); Supplemental Presentence Investigation Report, dated June 6, 2024 ("PSR"), at 2 (ECF No. 434).) The Government contends that Thomas fails to meet the Amendment 821 sentence reduction eligibility criteria under § 4C1.1(a)(10) because "he received an aggravating role adjustment under Section 3B1.1 . . . [for being] an organizer, leader, or supervisor of the criminal activity for which he was being sentenced." (Gov't Letter, dated June 18, 2024, at 2.) The Probation Department agrees with the Government, stating that Thomas is "precluded from a sentence reduction" because, by "receiv[ing] an adjustment under § 3B1.1 (Aggravating Role)," he fails to "meet all of the [required] criteria" under § 4C1.1(a). (PSR at 2–3.)

On July 18, 2024, Thomas filed a reply, contending that, in order for § 4C1.1(a) "to disqualify him [from] Amendment 821 relief," the Court must make two specific findings, namely (1) that Thomas "receive[d] an adjustment under § 3B1.1 (Aggravating Role)" **and** (2) that Thomas "was not engaged in a continuing legal enterprise." (Reply, dated July 18, 2024, at 4 (ECF No. 435) (emphasis added).) Thomas argues he is eligible to receive Amendment 821 relief because, even though "the district court applied a § 3B1.1(c) enhancement," the court "did not find that Thomas was . . . engaged in a continuing criminal enterprise." (*Id.* at 2, 6.)

## II. <u>Legal Standard</u>

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). Amendment 821 provides for resentencing and a two-level decrease in the Offense Level where a defendant (1) "did not receive any criminal history points" at sentencing, and (2) satisfies nine criteria listed in § 4C1.1(a) including, for example, the criteria that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise." U.S.S.G. § 4C1.1(a)(1)–(10).

### III. Analysis

Thomas is not entitled to a sentence reduction because he received an "Aggravating Role" adjustment under § 3B1.1. (*See* PSR at 2–3.) At sentencing, Judge Nathan found that Thomas was an "organizer, leader, manager, or supervisor" of the criminal activity for which he was being sentenced. U.S.S.G. § 3B1.1(c). Specifically, Judge Nathan stated that:

> Turning to the Aggravating Role adjustment, here the Government urges the application of 3B1.1(c) which applies if the defendant was an organizer, leader, [] manager, or supervisor in [] criminal activity. . . . [T]he evidence at trial and specifically the testimony of Mr. Jackson . . . established that Mr. Thomas recruited Mr. Jackson to join the conspiracy. Mr. Jackson's testimony also established that Mr. Thomas supervised Mr. Jackson, instructing him, for example, . . . how to go about packing the cocaine, picking it up, and delivering it to Parrilla. . . . These findings are sufficient for the two-point [Aggravating Role] enhancement to apply.

(Sent. Tr., dated Jan. 7, 2015, at 10:3-6; 11:26–12:6.)

The Court concludes that § 4C1.1(a) "precludes a sentence reduction for defendants who, although not engaged in a continuing criminal enterprise, nonetheless received an adjustment under § 3B1.1," as Thomas did. *United States v. Barona Astaiza*, 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024); *see also United States v. Beltre*, 2024 WL 1424557, at *2 (D. Conn. Apr. 3, 2024) ("Beltre's receipt of a leadership role enhancement precludes him from satisfying the criteria that a defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) . . .").

### IV. Conclusion & Order

For the reasons stated above and based upon the record, Thomas' motion for a sentence reduction (ECF No. 430) is denied.

Date: August 6, 2024
New York, New York

**RICHARD M. BERMAN, U.S.D.J**